**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| LAWRENCE TURNER, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Case No. 09-CV-2637-AW |
| ) | |
| EASTERN SAVINGS BANK, FSB, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pending before the Court are Plaintiffs, Lawrence Turner, Jr., and Lisa C. Turner's, Motion for Relief Stay, Injunction on Notice of Writ of Possession Automatic Stay, and Restraining Order Due to Fraud (Doc. No. 2); Motion to Take Judicial Notice (Doc. No. 24); and Motion for Order to Show Cause (Doc. No. 26); and Defendants, Eastern Savings Bank, FSB, and Cypress Points Investments, Inc.'s, Motion to Dismiss (Doc. No. 18), all involving what appears to be a dispute over a loan agreement that resulted in a foreclosure proceeding. The Court has reviewed the parties' motions and all supporting documents and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons articulated below, the Court **DENIES** Plaintiffs' Motion for Relief Stay, Injunction on Notice of Writ of Possession Automatic Stay, and Restraining Order Due to Fraud; Plaintiffs' Motion to Take Judicial Notice; and Plaintiffs' Motion for Order to Show Cause; and **GRANTS** Defendants' Motion to Dismiss.[1]

## FACTUAL BACKGROUND

Lawrence Turner Jr. and Lisa C. Turner (collectively "Plaintiffs") owned the real property at issue in this case ("Property"). On November 8, 2007, Plaintiffs appear to have

---

[1] Plaintiffs' Motion to Take Judicial Notice and Motion for Order to Show Cause do not set forth a legal basis for the relief requested, and because the Court finds that Plaintiffs' Complaint should be dismissed in its entirety, these two motions will not be discussed in detail.

entered into a loan agreement with Defendant Eastern Savings Bank ("ESB") and executed a promissory note in favor of Eastern Savings Bank for the principal amount of $237,000.00 ("Promissory Note"). A Deed of Trust encumbering the Property secured Plaintiffs' obligations under the Promissory Note. According to Defendants, Ms. Turner defaulted for nonpayment. ESB initiated a foreclosure proceeding on November 5, 2008, in the Circuit Court for Prince George's County, Maryland ("Circuit Court") and held a public auction for the Property on March 13, 2009.

Defendant Cypress Points Investments, Inc. ("CPI"), a subsidiary of ESB, purchased the Property. The Circuit Court issued an order ratifying the sale. Mr. Turner subsequently filed with the Circuit Court a Petition for Summary Judgment, a Fraud Affidavit, and Exceptions to Foreclosure Sale ("Circuit Court Filings"), alleging that Defendants did not make a loan but that there was merely an exchange and argued that Defendants had otherwise engaged in fraudulent concealment, fraud in the inducement, and fraudulent misrepresentation. It is not clear from the record whether Plaintiffs were asserting a claim for fraud against the Defendants or merely offering reasons as to why the foreclosure and subsequent sell of the property were improper. In any event, on August 21, 2009, the Circuit Court awarded CPI possession of the Property and denied the relief sought in the Circuit Court Filings on August 24, 2009.

On October 8, 2009, Plaintiffs filed a complaint with this Court entitled, "Complaint due to Fraud." As best as the Court can decipher, Plaintiffs appear to allege that ESB sold their Promissory Note on the "open market without their consent and knowledge and without crediting Plaintiffs, which they assert violates National Currency Act sections 27 and 53, 18 U.S.C. sections 665 and 1005 for theft, embezzlement, or misapplication by a bank officer. (Compl. ¶ 2-3). Plaintiffs also contend that Defendants engaged in fraud based on the "FED policy," which

they interpret as requiring Defendants to "accept Plaintiffs' note in EXCHANGE for credits" and that it was otherwise wrongful for Defendants to claim that Plaintiffs owed a debt on the Property. (Compl. ¶ 4.) Plaintiffs also appear to claim that Defendants fraudulently induced Plaintiffs to sign the "debt documents" and misrepresented to Plaintiffs "that a loan of money was to be given" in exchange for the promissory note." (Compl. ¶ 6.) In sum it appears that Plaintiffs are claiming that Defendants fraudulently led Plaintiffs to believe that they were not obligated to make payments to obtain ownership of the real property, or that the loan was already paid. On the same day, Plaintiffs also filed a Motion for Relief Stay, Injunction on Notice of Writ of Possession Automatic Stay, and Restraining Order Due to Fraud. Plaintiffs are seeking to prevent the possession of the property by Defendants, $2,000,000.00 in damages, and a 30 year prison sentence against Defendants. On November 23, 2009, Defendants filed the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) arguing lack of subject matter jurisdiction, *res judicata*, *Rooker-Feldman* doctrine, failure to sufficiently plead fraud, and failure to plead cognizable claims. Plaintiffs later filed a Motion to Take Judicial Notice on November 28, 2009, and a Motion for Order to Show Cause on March 9, 2010.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make

clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## ANALYSIS

I.  **Motion to Dismiss**

   **A. Federal Question and Diversity Subject Matter Jurisdiction**

This Court lacks subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 because Plaintiffs do not have a cause of action "arising under the Constitution, laws, or treaties of the United States." Plaintiffs allege that ESB violated sections 27 and 53 of the National

Currency Act.[2]  However, the National Currency Act of 1863, which was replaced by the National Bank Act of 1864, "provided . . . for federal chartering of national banks." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 410-11 (1987).  The National Currency Act prohibited actions such as "transfer of bank assets in contemplation of insolvency or with a view to preferring one creditor of the bank over another."  *Third Nat. Bank v. Impac Ltd., Inc.*, 432 U.S. 312, 316 (1977).  There are no factual allegations in Plaintiffs' complaint that support a National Currency Act violation.  Plaintiffs also allege that ESB violated 18 U.S.C. sections 655 and 1005.  However, these sections are criminal statutes that provide no private cause of action or civil penalties.  Thus, Plaintiffs do not have a cause of action under any of the federal statutes cited in their complaint.  This Court also lacks subject matter jurisdiction to hear this case under 28 U.S.C. § 1332 because, although the "matter in controversy exceeds the sum or value of $75,000," the parties are not "citizens of different states."  Plaintiffs are citizens of Maryland and ESB and CPI are organized under Maryland law.  Therefore, diversity jurisdiction does not exist.

### B. Res Judicata and *Rooker-Feldman* Doctrine

Defendants assert that Plaintiffs' claims are barred by res judiciata.  Res judicata bars a plaintiff from asserting claims that were already litigated or could have been litigated in a prior suit.  *Hall v. St. Mary's Seminary & Univ.*, 608 F. Supp. 2d 679, 684 (D. Md. 2009).  The Fourth Circuit has stated that "generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered."  *Id.* (quoting *Laurel Sand & Gravel, Inc. v. Wilson,* 519 F.3d 156, 161-62 (4th Cir. 2008)).  Therefore, this Court must apply Maryland state law for claim preclusion.  Under Maryland law, res judicata requires

---

[2] Recent cases in other federal district courts have also unsuccessfully alleged violations of sections 27 and 53 of the National Currency Act under similar circumstances.  *See e.g., Moon v. Countrywide Home Loans, Inc.*, No. 3109-CV-00298-ECR-VPC, 2010 WL 522753 (D. Nev. 2010) ("Plaintiff appears to quote sections 27 and 53 of the National Currency Act."); *See Pickard v. WMC Mortg. Corp.*, No. CV F 09-1760 LJO GSA, 2009 WL 3416134 (E.D. Cal. 2009) (same).

that: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier dispute; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior adjudication; and (3) there was a final judgment on the merits." *Hall*, 608 F. Supp. 2d at 684.  Under Fourth Circuit precedent, the term "privity" refers to "a person so identified in interest with another that he represents the same legal right." *Id.* at 685.  Claims are identical under Maryland law when the instant cause of action "arises from the same transactions or series of transactions" as the prior case. *Wilson*, 519 F.3d at 162.

It appears that ESB and CPI have privity with Larry Hofmeister, Jr., Esquire, and others served as a substituted trustees, and plaintiffs, in the state court foreclosure action because as trustees Hofmeister and others asserted Defendants' interest and rights to the property. *See Capel v. Countrywide Home Loans, Inc.*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (holding that successor trustees under the Deed of Trust had privity with the actual successor trustees in a foreclosure action).  Moreover, it appears that Plaintiffs raised the same arguments in the state foreclosure action that the Defendants engaged in fraud by deceiving Plaintiffs into executing documents that Plaintiffs did not understand or believe to be obligating them to make payments on the real estate property.  In the Circuit Court's Order dated August 24, 2009, the Court denied Plaintiffs request relating to what appears to be fraud claims, and thus Plaintiffs' allegation of fraud have already been addressed on the merits. *See Capel*, 2010 WL 457534, at *4 ("When a state court finalizes a foreclosure after the 'plaintiff was given the opportunity to raise all objections to the foreclosure sale . . .,' that abjudication is a final judgment on the merits.").  Thus, Plaintiffs' claim that Defendants engaged in fraud during the real estate transaction are barred by res judicata.

6

Defendants also argue that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine because, to grant the relief Plaintiffs seek, this Court must find that the Circuit Court's decision to ratify the foreclosure sale and award possession of the property to CPI is erroneous and its order ineffectual. The Fourth Circuit has explained that in light of the Supreme Court's decision in *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the *Rooker-Feldman* doctrine does not apply so broadly as to bar a party from "bringing suit in federal court alleging the same claim or a claim that could have been brought in the state proceedings," but that the subsequent federal claim must "seek[] redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Moreover, the doctrine only applies to bar claims in which a federal claim was litigated or intertwined with other claims brought first in the state court action. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Therefore, to the extent that Plaintiffs' Complaint seeks to set aside the state court's decision to ratify the foreclosure sale and that Plaintiffs attempted to allege federal claims in the state court action, the Court finds that the *Rooker-Feldman* doctrine prohibits the Court from reviewing the state court action. However, Plaintiffs' fraud claims are more properly barred by res judicata.

### C.  Heightened Pleading Requirements of Rule 9(b)

Plaintiffs allege fraud on the part of the Defendants but fail to meet the heightened pleading requirements for such allegations. According to Federal Rule of Civil Procedure 9(b), when alleging fraud or deceit, "a party must state with particularity the circumstances constituting fraud." Stating with particularity in this context includes stating "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *In re Mut. Funds Inv. Litig.*, 566 F.3d 111, 120 (4th Cir. 2009).

Here, Plaintiffs allege that ESB accepted their Promissory Note "in exchange for credits to Plaintiffs' transaction account and then claimed Plaintiffs owed a debt through fraudulent use of evidence of debt documents." (Pl. Compl. 2.) Plaintiffs further allege that ESB "made false entries in their books and the public record through recording of non bona fide evidence of debt document that Plaintiffs received a loan when Defendants knowingly knew [sic] it was only an exchange." (*Id.*) Plaintiffs support their allegations by pointing out that their loan agreement states "For A Loan I Received" and claiming that they received an exchange and not a loan. (*Id.* at 3). However, Plaintiffs do not state the circumstances behind their fraud claim with the particularity required under Rule 9(b) because the allegations are general, conclusory, and nonspecific. Without more, Plaintiffs' fraud allegations cannot survive a motion to dismiss.

### D. Setting Forth Cognizable Claims

The standard for *pro se* complaints is less stringent than the standard for those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court must construe a *pro se* complaint liberally and allow a potentially meritorious case to develop. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Regardless of its liberal construction, however, a district court cannot ignore a failure to plead facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). The Court has reviewed Plaintiffs' complaint and agrees with Defendants that Plaintiffs' allegations are vague, unclear, and conclusory. The allegations do not set forth cognizable claims.

### CONCLUSION

For the reasons articulated above, and because Plaintiffs have failed to set forth a factual and legal basis for their various requests, the Court **DENIES** Plaintiffs' Motion for Relief Stay, Injunction on Notice of Writ of Possession Automatic Stay, and Restraining Order Due to Fraud;

Motion to Take Judicial Notice; and Motion for Order to Show Cause; and **GRANTS** Defendants Motion to Dismiss.  An Order shall follow this Memorandum Opinion.

<u>April 2, 2010</u>                                                                                       <u>          /s/          </u>
       Date                                                                                  Alexander Williams, Jr.
                                                                             United States District Judge